LANDAU, J.S.C.
(temporarily assigned), dissenting.
I read the majority opinion to affirm the Tax Court’s judgments respecting the assessments, but to hold only that taxpayers failed to meet their burden of overcoming the presumption of correct assessment. I applaud the fact that the majority has not endorsed the Tax Court opinion in Transcon. Gas Pipe Line v. Bernard Tp., 7 N.J.Tax 508 (Tax Ct.1985), to the extent it has rejected entirely consideration of the value of a local pipeline segment as part of a complete gas transmission entity and has adopted current replacement cost less depreciation as the sole standard for gas pipeline valuation.
Nonetheless, I am reluctantly compelled to dissent because the majority opinion, thoughtful and carefully wrought as it is, offers little guidance as to how such a unique property should *647 be assessed, or how a pipeline can meet its burden of showing improper assessment. My colleagues and the Tax Court have struggled gallantly to fit the square peg of gas pipeline valuation into the round hole of conventional local property taxation, in the absence of legislative response to the long-standing urgent judicial call for an appropriate legislative gas pipeline assessment formula. See, Transcontinental Gas Pipe Line v. Bernards Tp., 115 N.J.Super. 593, 599, 280 A.2d 689 (App.Div. 1970), aff’d 58 N.J. 585, 586, 279 A.2d 674 (1971).
As the affirmance is couched in terms of taxpayers’ failure to meet their burden, I am concerned that gas pipeline assessors will hereafter be compelled to rely upon the Tax Court’s approval of the replacement cost less depreciation formula, and its rejection of any consideration of the pipeline’s entity value, a conclusion assertedly bottomed in the constitutional requirement of uniformity. See N.J. Const. (1974) Art. VIII, § 1, Par. 1(a); Transcon., 7 N.J.Tax at 526.
Nothing in our Constitution compels us to sacrifice the principle of fair market value upon the altar of uniformity. It is possible to be both uniform and just. In Transcontinental, 115 N.J.Super. at 599, 280 A.2d 689, we rejected a method of natural gas pipeline valuation based only on historical cost less depreciation, because it would have produced the absurd result of ultimately valuing an operational pipeline at zero. It didn’t make sense. The reason it didn’t make sense was that the property was part of a functioning, money-making gas transmission system, not just a few miles of pipe in Bernards Township.
I believe that it is equally unreasonable solely to ascribe replacement cost as its value and attempt to separate entirely the value of this length of gas pipeline from that of the entity of which it is part, whether the entity is price-regulated or not.
Moreover, I have never understood that approaches to valuation, whether they employ capitalization formulas, comparable sales, or cost techniques, to be absolutes. Often they must be employed as navigational aids in the quest for fair market *648 value. Any given approach may be more or less helpful depending upon the nature of the property. Particularly when dealing with unique property, it is not necessary that the appraiser, assessor, or court choose only one method of valuation. Even substantial acceptance of one approach should not preclude consideration of the results of other means of valuation, to challenge reliability and to offer a basis for adjustment of unreasonable results. As stated in the Real Property Appraisal Manual For New Jersey Assessors, (3d Ed.1978) at 1-2, “It may be properly concluded that many factors form the basis for statutory valuation and the general doctrine is that the valuation is not to be tested rigidly by any constant factor.”
In the present cases, the Tax Court correctly held that it cannot not be bound to a value which results from the fact that regulatory restrictions compel gas utilities to charge rates computed upon historic cost less depreciation. It correctly questioned why local taxpayers should have to partially subsidize gas users. I agree. But why stop there? Acceptance of those principles does not require that determination of the fair market value of a length of pipe must entirely ignore its proportional value in the whole of an economically viable entity. The entity itself is readily capable of valuation other than by capitalization of regulated income on a historic cost-less-depreciation base.
True entity value, of course, substantially will be affected by competitive forces. In the case of natural gas systems, competition undoubtedly is a function of the price of alternate forms of energy and the availability and efficiency thereof. It is too simplistic to say, as the Tax Court opinion does, that increases in tax burden which result from adoption of the replacement cost valuation approach will simply be “passed on to the consumer.” The record in this case convinces me that uniform acceptance of this philosophy of valuation up and down the length of the pipeline would probably pass increased local tax costs to consumers who will elect competitive options until the entire pipeline is gradually rendered uneconomic.
*649 Unless the currently regulated price of natural gas is found to be so advantageous in the market place as to cause customers substantially to abandon other forms of energy, can we say it is not being sold at a price consistent with competition? And if it is already competitively priced, how can it be said that the added taxes will merely be passed on or that the regulated price is not a genuine reflection of economic value?
I believe that fair market value for this kind of property cannot be achieved without considering the impact of system-wide adoption of the Tax Court’s valuation formula upon the economic viability of an otherwise efficiently run gas pipeline system; that is, whether it will be able to compete with other fuel sources at the price levels necessitated by passing-on the impact of replacement cost valuation. Because it has assumed the passing-on capability without making this exploration, the Tax Court opinion has rendered the concept of economic rent inapplicable to pipelines; a result inconsistent with uniformity.
Additionally, the Tax Court has itself recognized that the principle of uniformity does not require rejection of the economic effect of regulatory factors such as rent control in valuing otherwise substantially identical apartment buildings. See Frieman v. Randolph Tp., 8 N.J.Tax 264 (Tax Ct.1986). It is therefore difficult for me to understand why the economic effect of price regulation on value must be ignored entirely in the case of pipelines.
I would reverse and remand with directions that the Tax Court consider and give appropriate tempering weight to the value of the Bernards Township segment of pipeline as part of an entire natural gas transmission system, the full value of which is determined by its capitalization on the basis of an income level derived from the realities of competitive, but not necessarily regulated, natural gas pricing. I do not suggest that this must be the only approach employed, but courts should shrink from sanctioning a uniform tax formula which will produce a result inconsistent with economic reality.
*650 Needless to say, I join with the majority’s renewed call for legislative attention to the need for a statewide uniform formula for natural gas pipeline valuation.